**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Heriberto MOLINA–OSUNA,
Defendant–Appellant.**

**No. 00–7334.**

United States Court of Appeals,
Fourth Circuit.

Submitted May 3, 2001.

Decided May 29, 2001.

**272**

Heriberto Molina–Osuna, pro se.

Clifton Thomas Barrett, Assistant United States Attorney, Greensboro, NC, for appellee.

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

PER CURIAM.

Heriberto Molina–Osuna seeks to appeal the district court's order dismissing his motion filed under 28 U.S.C.A. § 2255 (West Supp.2000). Molina–Osuna's case was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (1994). The magistrate judge recommended that relief be denied and advised Molina–Osuna that failure to timely file and serve objections to this recommendation could waive appellate review of a district court order based upon the recommendation. Despite this warning, Molina–Osuna failed to properly serve on the Defendant his objections to the magistrate judge's recommendation.

The timely filing and service of objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned that failure to do so will waive appellate review. *See Wright v. Collins,*

766 F.2d 841, 845–46 (4th Cir.1985); *see also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Molina–Osuna has waived appellate review by failing to properly file and serve objections after receiving proper notice. We accordingly deny a certificate of appealability and dismiss the appeal.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*

---

* On appeal, Molina–Osuna raises a claim under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We recently held in *United States v. Sanders,* 247 F.3d 139 (4th Cir.2001), that the new rule announced in *Apprendi* is not retroactively applicable to cases on collateral review. Accordingly, Molina–Osuna's *Apprendi* claim is not cognizable.